ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
AKERMAN SENTERFITT LLP
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101
Telephone:     (702) 634-5000
Facsimile:      (702) 380-8572
Email: ariel.stern@akerman.com
Email: jacob.bundick@akerman.com

*Attorneys for Bank of America Corporation;*
*Bank of America, National Association;*
*Recontrust Company, N.A., and Federal*
*National Mortgage Association*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE ARCHER; ROBERT BARFIELD, ROSE BONILLA; TIMOTHY BRADLEY; THAYER BURTON; TROYLETTE BURTON; SPENCER CHUNG; DEIDRE CONNELL; EVELEN CORRO-SAMMARCO; JACALYN CURTIS; LOUIS CUSHLER; KELLEY DEUTSCH; STEVEN DEUTSCH; ROGER DONNER; MICHAEL DONOVAN; PAMELA DONOVAN; TASHAE DUPREE; TITAN EGGSTAFF; ARTHUR EINHORN; CAROL EINHORN; MATTHEW FEUSTEL; ERIC FITZHUGH; LEON GAUTHIER; STPHANIE GOINS; JAY HA; JOAN HA; EUGENE HALLETT; STEVE HASTINGS; KENNETH HISCOCKS; NATALI HISCOCKS; ROSE HUFFMAN; CHARLI JACOBS; RANDY JACOBS; DIANNE KNIGHTS; JONATHAN KNIGHTS; CASEY KORTH; KYLE KORTH; ZUEFANG MEI; MIRELA MICULA; TYRONE NEWTON; HOMER NICHOLS, JANELLE OZAWA; LELAND OZAWA; CAMILLE PATELLA; VINCENT PATELLA; BENITO PICHARDO; CYNTHIA PUTMAN; TERRY PUTMAN; HERMENEGILDO RAMIREZ-SOTO; LINDA RAMIREZ-SOTO; JOELL REED; DANNY REGENSBERG; SHAWN RORICK; JOHN SAMMARCO; VAN SHERMAN; SANDRA STUCKI; JOHN | Case No.:  2:11-cv-01264-JCM-LRL<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

{22391439;1}                                              1

DUFFY TAYLOR; JEANNIE THOMPSON; JEFFREY THOMPSON; TINA TRAN; ABDULKADIR TURA; CARLOS VERDUZCO; BRYAN WELLS; FRANCIS WILSON; ROBERT WILSON; LADDAWAN WOOD; WILLIAM WOOD; LISA YEGHIAYAN; STEVE YEGHIAYAN,

Plaintiffs.

vs.

BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION, BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, NA; FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC; CAL-WESTERN RECONVEYANCE CORPORATION; MTC FINANCIAL INC. d/b/a TRUSTEE CORPS; FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants.

This Court held a hearing on plaintiffs' motion for preliminary injunction (Doc. No. 22) on October 5, 2011. Having considered the written submissions, and arguments of counsel at the hearing, the Court finds as follows:

Plaintiffs did not meet their burden of demonstrating that a preliminary injunction should issue. Under *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), a " plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Plaintiffs did not meet these factors.

**First**, plaintiffs fail to establish likelihood of success on the merits. Plaintiffs plead three causes of action: **(1)** violation of the Nevada Deceptive Trade Practices Act, **(2)** Promissory Estoppel, and **(3)** Wrongful Foreclosure. They are unlikely to succeed on their claim for violation of the Nevada Deceptive Trade Practices (codified at Nev. Rev. Stat. Ch. 598) because the statute applies to transactions involving goods and services, not real estate. They are unlikely to succeed on their claim for promissory estoppel because they did not allege, and did not present any evidence of, a specific promise by the defendants or of specific conduct by them in reliance on a promise by the

{22391439;1}                                                      2

defendants. They are unlikely to succeed on their claim for wrongful foreclosure because plaintiffs have admitted their default on their loans. Under *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983), a plaintiff in default cannot state a claim for wrongful foreclosure. In addition, most plaintiffs' properties have yet to be sold, making the claim premature.

**Second**, the court finds that plaintiffs are not likely to suffer irreparable harm in the absence of preliminary relief. Under *Winter*, granting a "preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. The court finds that plaintiffs failed to make a clear showing of irreparable harm – they failed to explain why monetary damages cannot redress any loss, and provided no reason for the court to prevent the defendants from enforcing plaintiffs' deeds of trust.

**Third**, the court finds the balance of hardships tips against the issuance of an injunction because defendants are not receiving payments to which they are legally entitled as a result of the plaintiffs' default. Granting a preliminary injunction despite plaintiffs' default while plaintiffs continue to use and enjoy the properties would be inequitable.

**Fourth**, the court does not find that the public interest warrants preliminary relief.

In light of the court's findings, and for good cause appearing, **IT IS HEREBY ORDERED** that plaintiffs' motion for a preliminary injunction is **DENIED**.

DATED this 19th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

{22391439;1}   3

Submitted By:

**AKERMAN SENTERFITT LLP**

  /s/ Jacob D. Bundick
ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
400 South Fourth Street, Suite 450
Las Vegas, Nevada  89101

*Attorneys for Defendants*
*Bank of America Corporation; Bank of America, National Association; Recontrust Company, N.A., and Federal National Mortgage Association*

Reviewed by:

**CALLISTER + ASSOCIATES, LLC**

/s/ Mitchell S. Bisson
MATTHEW Q. CALLSTER, ESQ.
Nevada Bar No. 1396
MITCHELL S. BISSON, ESQ.
Nevada Bar No. 11920
823 Las Vegas Blvd. So., 5th Floor
Las Vegas, Nevada  89101

*Attorneys for Plaintiffs*

{22391439;1}   4