UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLIE ARCHER, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA<br>CORPORATION, et al.,<br><br>　　　　Defendants. | 2:11-CV-1264 JCM (RJJ) |

**ORDER**

Presently before the court are three motions to dismiss plaintiffs' complaint. The first motion, filed by defendant MTC Financial Inc., dba Trustee Corps (hereinafter, "Trustee Corps") seeks to have Trustee Corps dismissed from plaintiffs' fourth cause of action. (Doc. #38). Defendants Cal-Western Reconveyance Corporation and First American Trustee Servicing Solutions, LLC have joined in this motion. (Doc. #45). Plaintiffs have filed an opposition (doc. #49), to which Trustee Corps has replied (doc. #56).[1]

The second motion to dismiss was filed by defendants Bank of America Corporation, Bank of America, National Association, Recontrust Company, N.A., and Federal National Mortgage

---

[1] Because the plaintiffs filed a first amended complaint after the filing of Trustee Corps motion, this court will not address the merits of Trustee Corps motion as it is now moot. Even if this were not the case (because the allegations regarding the fourth cause of action in the first amended complaint are identical to the original complaint), the court's disposition regarding the remaining motions still renders Trustee Corps' motion moot.

**James C. Mahan**
**U.S. District Judge**

1  Association (collectively, "BOA defendants"). (Doc. #59).  Plaintiffs have filed an opposition (doc.
2  #71), and the BOA defendants have replied (doc. #75).

3  Finally, defendant Federal National Mortgage Association ("Fannie Mae") filed a separate
4  motion to dismiss.  (Doc. #64).  Plaintiffs filed an opposition (doc. #70), to which FNMA did not
5  reply.  The arguments made by Fannie Mae parallel those raised in the BOA defendants' motion to
6  dismiss, and thus will not be considered separately.

7  The facts of this case are complex given that over seventy separate plaintiffs are joined in the
8  action.  Each plaintiff's case has unique facts that are well known to the litigants, and a long
9  recitation of these facts are not necessary for the court's adjudication of the pending motions to
10 dismiss.  In accepting each of the alleged facts in the complaint as true – as it must at this stage in
11 the proceedings – this court's ruling is directed by questions of law raised in the various motions to
12 dismiss.

13 **Discussion**

14 *1.  Standard of Review*

15 A complaint must include a "short and plain statement of the claim showing that the pleader
16 is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the
17 defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp.*
18 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil
19 Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief
20 can be granted."

21 The court must "accept all factual allegations in the complaint as true."  *Tellabs, Inc. v.*
22 *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Further, the court must draw all reasonable
23 inferences in plaintiff's favor.  *Twombly*, 550 U.S. at 547.  However, "[t]o survive a motion to
24 dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is
25 plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).
26 Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a
27 sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

*2. Analysis*

The BOA defendants move to dismiss each of the causes of action stated in the complaint pursuant to Fed. R. Civ. P. 12(b)(6). These defendants contend that: (1) the first cause of action alleging a violation of the Nevada Deceptive Trade Practices Act, NRS § 598, fails because that statute governs the "goods or services" not secured real estate lending transactions; (2) the second cause of action seeking injunctive relief is a prayer for relief, not a cause of action; (3) plaintiffs have failed to allege detrimental reliance on an actionable promise sufficient to support their third cause of action for promissory estoppel; and (4) the fourth claim for wrongful foreclosure is untimely. This court is inclined to agree with each of the BOA defendants' arguments and finds dismissal appropriate pursuant to Rule 12(b)(6).

          1.          Nevada Deceptive Trade Practices Act

Plaintiffs contend that though courts have routinely limited the Nevada Deceptive Trade Practices Act to transactions concerning "goods or services," the specific subsection of the act that they are basing their claims on does not include such limiting language. Therefore, plaintiffs claim, their complaint states a valid cause of action for violation of the statute. This court does not agree, and finds that NRS § 598 does not apply to real estate transactions. *See Reyna v. Wells Fargo Bank, N.A.*, No. 2:10-cv-01730-KJD-RJJ, 2011 WL 2690087, *9 (D. Nev. July 11, 2011) ("N.R.S. § 598 . . . applies only to goods and services and not to real estate loan transactions."; *see also Alexander v. Aurora Loan Services*, No. 2:09-cv-1790-KJD-LRL, 2010 WL 2773796, *2 (D. Nev. July 8, 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods or services; therefore [ N.R.S. § 598] does not provide an avenue of relief to [p]laintiff."); *Parker v. Greenpoint Mortgage Funding*, No. 3:11-cv-00039-ECR-RAM (D. Nev. July 15, 2011) ( N.R.S. § 598 "does not cover a mortgage foreclosure").

The subsection plaintiffs point to for support of their theory that § 598 applies to real estate transactions is § 598.0915(15). That provision, however, is a catch-all provision that makes it a

deceptive trade practice for a person to "[k]nowingly make[] any other false representation in a transaction." Plaintiffs contend that by its language this subsection applies to *any* transaction, including real estate loans. The argument is without merit. The language used in the statute, as well as the organization of the statute, make it plain to this court that subsection 15 operates as a catch-all to include those types of deceptive trade practices not specifically enumerated in the previous subsections. However, this court cannot find that the drafters intended to completely alter the foregoing subsections' limitation to transactions involving "goods or services," and expand that limitation to *all types* of commercial transactions. As such, the court finds that §598.0915(15), like the rest of the statute, applies to transactions involving "goods or services" and thus plaintiffs have failed to state a claim.

### 2. Injunctive Relief

Injunctive relief is a remedy and not a cause of action. Whereas' defendants' motion to dismiss is granted in its entirety, plaintiff is not entitled to such relief. Thus the second cause of action is therefore dismissed.

### 3. Promissory Estoppel

The promissory estoppel claims likewise fail because plaintiffs have not provided any persuasive evidence of a specific promise or detrimental reliance. Promissory estoppel is an equitable doctrine that serves as a substitute for consideration. *Thoms v. America's Servicing Co.*, No. 2:10-cv-00482-GMN-RJJ, 2010 WL 3910083, *5 (D. Nev. Oct. 1, 2010). If a party can show that it reasonably relied to his determinant based on a promise made to him, the court will enforce the promise, despite a lack of consideration. *Id.* However, "any promise must be sufficiently clear and unambiguous in its terms for the court to enforce any promised duty." *Gulamhussein v. Bank of America*, No. 2:10-cv-01906-RLH-RJ, 2011 WL 1431659, *2 (D. Nev. Apr. 14, 2011).

Plaintiffs have only provided conclusory allegations of the promises Bank of America allegedly made. The allegations are imprecise and fail to provide the court with sufficient clarity or direction to enforce any duty on the part of Bank of America.

James C. Mahan
U.S. District Judge

1    Moreover, plaintiffs have not shown detrimental reliance. The only detriment that they assert
2 is that absent Bank of America's alleged promises, they could have applied their funds to a down
3 payment towards a rental property in the event that they entered foreclosure. This district has already
4 found that such "stock arguments" are insufficient to support a promissory estoppel claim. *See*
5 *Thoms*, 2010 WL 3910083 at *6 ("Plaintiff's stock argument that they 'would have taken other
6 alternatives such as filing a bankruptcy or filing this underlying action prior to the foreclosure in
7 order to thwart a foreclosure' is not enough . . . in the context of a promissory estoppel claim
8 concerning a land transaction."). Therefore, plaintiff have failed to state a claim for promissory
9 estoppel.

            4.    Wrongful Foreclosure

11    "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
12 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
13 condition or failure of performance existed. . . . " *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d
14 610, 623 (Nev. 1983).   The material issue is "whether the trustor was in default." *Id.*

15    Plaintiffs' cause of action for wrongful foreclosure fails because they cannot establish that
16 "no breach of condition or failure of performance existed." *Id.*  Here, each of the plaintiffs admits
17 to defaulting on the loan. First Am. Compl. ¶¶ 103, 123, 141, 168, 183, 210, 249, 298.

18    Additionally, a prerequisite to voiding a wrongful sale pursuant to NRS § 107.080 is that a
19 sale actually took place. *See Parker v. Greenpoint Mortg. Funding* Inc., No. 3:11-cv-00039-ECR-
20 RAM, 2011 WL 2923949, *8 (D. Nev. July 15, 2011) ("Plaintiff's claim for wrongful foreclosure
21 is premature and not actionable" because the property has not yet been sold and "a claim for
22 wrongful foreclosure does not arise until the power of sale is exercised."). Moreover, once a
23 property is sold at a foreclosure sale, the plaintiff must bring an action to set the sale aside within
24 90 days. *See* NRS § 107.080(5). Of the seven plaintiffs alleging wrongful foreclosure, only one has
25 experienced a sale. Thus, six of the plaintiffs cannot state a claim for wrongful foreclosure. As to
26 the seventh plaintiff, Mr. Feustal, his complaint was filed more than 90 days after the property was
27 sold and is therefore time-barred.

**James C. Mahan**
**U.S. District Judge**

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Trustee Corps

3  motion to dismiss (doc. #38), and defendant MTC Financial's joinder thereto, be, and the same

4  hereby are, DENIED as moot.

5  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the BOA defendants'

6  motion to dismiss the complaint (doc. 59) be, and the same hereby is, GRANTED.

7  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that FNMA's motion to

8  dismiss (doc. #64) be, and the same hereby is, GRANTED.

9  DATED December 23, 2011.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**